```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
DAVID DWAYNE GATES,              *
                                 *
        Petitioner,              *
                                 *
vs.                              *   CIVIL ACTION NO. 13-00305-KD-B
                                 *
TREY OLIVER,                     *
                                 *
        Respondent.              *
```

### REPORT AND RECOMMENDATION

Petitioner David Dwayne Gates, an Alabama prison inmate proceeding pro se, filed a petition seeking habeas relief under 28 U.S.C. § 2254 (Doc. 1). This action[1] is before the Court due to Gates' failure to obey the Court's order.

In an order dated June 13, 2013, the Court observed that although it appeared that Gates had sought to have $5.00 deducted from his inmate account at the Mobile Metro jail and sent to the Court; no filing fee has been received on his behalf. Thus, Gates was directed to tender the $5.00 filing fee, or in lieu thereof, file a motion to proceed without prepayment of fees by July 12, 2013 (Doc. 4). Gates was cautioned that failure to comply with the order within the prescribed time would result in the dismissal of his action. To date, Gates has not paid the filing fee, nor has he filed a motion to proceed without prepayment of fees as ordered by the Court. Additionally,

---

[1] This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and the Standing Order of General Reference.

his copy of the Court's order has not been returned to the Court[2].

Due to Gates' failure to comply with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.

---

[2] In fact, the June 13th order was mailed to Gates at the Mobile Metro jail, and subsequent thereto, Gates wrote a letter to the Court, dated June 27, 2013 wherein he listed the same Mobile Metro address. Accordingly, while it appears that Gates was recently transferred to the Kilby Correctional Facility, he was still at Metro at the time the June 13th order was issued and mailed.

1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **July, 2013.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**